IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

POI MAUGAOTEGA,

        Petitioner,        Civil No. 07-845-AA

        v.               ORDER

CHARLES DANIELS,

        Respondent.

AIKEN, District Judge.

Petitioner, a federal inmate incarcerated at FCI Sheridan, filed a petition under 28 U.S.C. § 2241, alleging that the Bureau of Prisons has improperly denied him eligibility for early release consideration upon his successful completion of the Residential Drug Abuse Treatment Program (RDAP).

Respondent contends that petitioner is ineligible for

1 - ORDER

early release due to the weapons enhancement associated with his conviction.

In July, 2004, petitioner was convicted of Conspiracy to Distribute and Possession with Intent to Distribute in Excess of 5 grams of Methamphetamine and sentenced to a term of 60 months imprisonment followed by three years of supervised release. The record reflects that petitioner received a "two point Specific Offense Enhancement for use of weapons in his crime." Declaration of Neil Solomon (#9), p. 2 and Attachment 1.

Among the disqualifying criterion for a sentence reduction upon successful completion of the RDAP is the determination of whether or not the inmate has been convicted of any disqualifying felony or whether the instant offense involved the possession of a firearm. 28 C.F.R. 550.58(a)(iv) and (VI).

Petitioner's claims in this proceeding appear to be similar to the claims rejected in <u>Arrington v. Daniels</u>, 465 F. Supp.2d 1104 (D. Or. 2006) and <u>Williams v. Daniels</u>, Civ. No. 05-1346 (2006 U.S. Dist Lexis 55505).[1]

Petitioner argues that his right to due process has been

---

[1] <u>Arrington</u> and <u>Williams</u> were "lead" cases of numerous petitions under 28 U.S.C. § 2241 challenging certain policy statements of the Drug and Alcohol Treatment Program implemented by the BOP as promulgated in violation of the APA.

2 - ORDER

violated "as a result of Respondent's failure to uphold the status quo of Booker [by relying on Lopez v Davis] to exercise its discretion to deny him early release due to his two-point gun enhancement."  Petition (#1), p. 3.

Petitioner's argument concerning Lopez v. Davis, 531 U.S. 230 (2001) and United States v. Booker, 543 U.S. 220 (2005) is confusing. However, petitioner's argument that "Booker clearly overruled Lopez," Petition (#1), p. 3. is without merit. United States v. Booker did not overrule Lopez v. Davis directly or by implication.

In any event, Arrington and Williams upheld the BOP's discretion to categorically exclude prisoners who were ineligible for early release based on the Supreme Court's recognition that it is reasonable to consider the excluded prisoners as posing a greater risk upon release and "does not cut short the consideration that may guide the BOP in implementing § 3621(e)(2)(B)." Lopez v. Davis, supra at p. 232-233. Thus, petitioner's ineligibility for early release was determined pursuant to the valid exercise of BOP discretion.  The Booker decision is irrelevant to the BOP's discretionary rule-making authority.

Petitioner cites 5 U.S.C. § 7301 in support of his argument. The Executive Orders (concerning loyalty and ethical conduct of federal employees) contained in 5 U.S.C. § 7301 do

not create any substantive or procedural rights enforceable by a private right of action and do not provide any basis for the relief sought by petitioner.

Petitioner's weapons enhancement associated with his conviction resulted from the Pre-sentence Investigation Report finding that "[t]here is a preponderance of evidence to establish that the defendant collected drug debts for Donald Morton, and that he carried a handgun with him. On at least one occasion, he carried out a home invasion armed with a handgun for the purpose of collecting a drug debt." Declaration of Neil Solomon (#9), Attachment 1, p. 6.

Petitioner's weapons enhancement renders him ineligible for early release under the rules upheld in <u>Lopez</u> and <u>Arrington/Daniels</u>.

Based on all of the foregoing, petitioner's Petition (#1) is denied. This proceeding is dismissed.

IT IS SO ORDERED

DATED this   25   day of October, 2007.

                                     /s/ Ann Aiken
                                     Ann Aiken
                                     United States District Judge